New Jersey Department of Labor,
Workmen's Compensation Bureau.

ESTELLE RONEY, PETITIONER, v. GRIFFITH PIANO COM-
PANY, RESPONDENT.

A petition having been filed in the above-stated cause, praying for the compensation to which the petitioner may be entitled, by virtue of the terms and provisions of an act of the legislature of the State of New Jersey, entitled "An act prescribing the liability of an employer to make compensation for injury received by an employe in the course of the employment, establishing an elective schedule for the determination of liability and compensation thereunder," approved April 4th, 1911, together with the several supplements thereto and acts amendatory thereof, and a time and place for hearing of said petition having been fixed, and the court having had the testimony offered in behalf of the parties hereto, and counsel having been heard, which said case was held in abeyance and mutually agreed upon until the case would be finally disposed of in the Supreme Court in the State of New Jersey, which said court rendered the decision in its May term of 1926, and on October 7th, 1926, a decision was rendered by the justices of the May term, upholding the findings of Harry J. Goas, commissioner of compensation, and Newton H. Porter, judge of the Court of Common Pleas.

It seems that no compensation has been paid in this cause, and it is urged by the respondent-appellant that, as the peti-

tioner has died there is now no person to whom any compensation is properly payable. The authorities cited in support of this view do not sustain that contention. On the contrary, the law is settled that the personal representative of the deceased is entitled to the compensation which had accrued up to the date of death of the petitioner. *Erie Railroad Co.* v. *Clara Callaway, Executrix,* 91 *N. J. L.* 32, 102, *A.* 6.

It is also contended by the respondent-appellant that the right of the widow of petitioner to recover compensation is barred by statute; no claim having been filed by her in time. As the widow is not a party to the proceeding under review, that question is not an issue in this proceeding.

The respondent paid temporary compensation to the widow of the above-named deceased from the date of the accident, December 29th, 1924, up to the day of his death, January 7th, 1925, plus counsel fee, court cost and medical expenses.

This procedure was brought on by Estelle Roney, widow of the deceased, as a dependent, and the case was heard and disposed of on the 29th day of October, 1926, in the workmen's compensation bureau, city of Newark, county of Essex and State of New Jersey, the petitioner or widow being represented by Charles Becker and the respondent by Clarence B. Tippett. Estelle Roney testified as to the marriage and cohabitation, and also testified that she had not remarried and there were no children born of the said marriage. The marriage and death certificates were offered in evidence and consented to by the respondent. Louise Gordon testified that she knows Estelle Roney for many years and had been in personal contact with her during the six or eight months of her marriage to the deceased.

I do hereby find and determine from the evidence taken in this cause as follows, to wit:

*First.* The decedent was on the 29th day of December, 1923, in the employ of the respondent in the capacity of a piano mover, and while in the course of his employment met with an accident which ultimately brought on his death, due to a cancer.

*Second.* The decedent, William Roney, died on the 7th day of January, 1925, and the petition filed by Estelle Roney, wife of the deceased, was filed July 31st, 1925, on the dependency claim which is within the one year period from the date of the last payment of compensation.

*Third.* It was admitted by the respondent's attorney that the deceased, William Roney, was injured while moving a piano, and Estelle Roney testified as to the date of death of her husband. The witnesses also testified as to the marriage and cohabitation of the petitioner, and proved that Estelle Roney was the widow of the deceased, William Roney, and at the time of the injury, and up to the date of death. The deceased received wages while in said employment amounting to $30 per week and the widow of the deceased is entitled to receive thirty-five per cent. of the $30 or $10.50 per week for three hundred weeks, or a total of $3,150.

The accrued compensation shall be paid in lump sum from the date of hearing, 29th day of October, 1926, to the day of signing of the order and determination and also the sum of $150 for funeral expenses, plus $300 counsel fee and $10 court cost are also to be paid by the respondent.

It is therefore, on motion of Charles Becker, attorney for the petitioner, ordered that the respondent herein pay or cause to be paid to the said petitioner the sum of $3,150 for compensation in the above matter.

It is further ordered that Charles Becker, attorney for the petitioner, is entitled to and shall receive the sum of $300 as counsel fee herein, the said sum to be paid by the respondent, and also the cost to be paid by said respondent.

HARRY J. GOAS,
*Deputy Commissioner.*